IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ANTONIO JOHNSON   # 98296-071**                                                                 **PLAINTIFF**

**VS.**                                                                          **CIVIL ACTION: 3:18cv176-TSL-RHW**

**UNITED STATES OF AMERICA,**
**ANTHONY CHAMBERS and ERICA MICOU**                                          **DEFENDANTS**

**REPORT AND RECOMMENDATION**

  Before the Court are several dispositive motions filed by the parties in this lawsuit brought by inmate Antonio Johnson, *pro se* and *in forma pauperis*, on March 20, 2018. Johnson's complaint asserts a medical negligence claim against the United States under the Federal Tort Claims Act, and *Bivens* claims against Dr. Anthony Chambers and Nurse Practitioner (NP) Erica Micou for deliberate indifference to his serious medical needs during his incarceration at the Federal Correctional Complex in Yazoo City, Mississippi (FCC Yazoo).[1]

Facts and Procedural History

  All Johnson's claims stem from his dissatisfaction with medical treatment for right shoulder problems beginning with an injury which predated his July 2016 arrival at FCC Yazoo. He states in his complaint that he had been dealing with the shoulder injury since 2013 and had seen two orthopedists before coming to FCC Yazoo. Johnson alleges he sustained additional injury in October 2016 when he fell off his top rack "due to failure of the right shoulder." He states he submitted a medical request the same night he fell and went to sick call the next day. When he was not called back to medical in the next ten days, he requested informal resolution

---

[1] Plaintiff filed his claims against Dr. Chambers and Nurse Micou under 42 U.S.C. § 1983, however they are considered under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 395-97 (1971), since he alleges these defendants are federal agents who acted under color of federal law to deprive him of rights secured by the constitution or other law of the United States.

(BP-8) with his counselor, but this was ignored although the counselor emailed "them" regarding his pain. When Johnson was called to medical two weeks later, he was interviewed by Micou, given a temporary bottom bunk pass, prescribed pain medication, and scheduled for an x-ray the following week. In January 2017 he was called to medical to discuss the x-ray and an MRI. He alleges he was told a month later that he was not being scheduled for an MRI because he had not purchased any pain medication in the last 40 days. He signed his complaint in this lawsuit on March 16, 2018, and it was filed by the Clerk March 20, 2018. [1] On May 3, 2018, Johnson filed a change of address to Satellite Camp-Lee in Jonesville, VA. [7] He has since been moved to the Federal Correctional Complex-Allenwood-Low in White Deer, PA [31], and is presently housed at LSCI-Allenwood in White Deer, PA. [48] According to the Bureau of Prisons website he is scheduled for release September 12, 2021.

Johnson charges the United States with medical negligence regarding treatment for his shoulder, and claims that Chambers and Micou were deliberately indifferent to his need for treatment for the shoulder while he was at FCC Yazoo. Defendants filed a joint answer on August 12, 2019, denying any liability, and asserting immunity and other defenses including lack of subject matter jurisdiction, failure to state a claim, and failure to exhaust administrative remedies. [35] On September 9, 2019, Johnson filed his first motion for judgment on the pleadings, contending it was Defendants' burden to prove no constitutional violation occurred and to produce medical records rebutting his allegations, but Defendants' merely denied Plaintiff's allegations and asserted defenses to his claims. [36] In early October 2019, Defendants filed their dispositive motions. The United States claims it is entitled to summary judgment on the FTCA claim because Johnson has submitted no expert testimony to establish the applicable standard of care, the breach of that standard, or any injury resulting from breach of the

standard of care, all of which are essential elements of a medical negligence claim under Mississippi law. [42], [43]   Dr. Chambers and NP Micou contend they are entitled to summary judgment on the *Bivens* claims because Johnson failed to exhaust available administrative remedies before filing suit. [40], [41]   And Dr. Chambers additionally submits that, as a commissioned officer of the United States Public Health Service (USPHS), he is entitled to dismissal of Johnson's claims against him on grounds of absolute immunity. [39]   After the completion of briefing on Defendants' motions [40] and [42], Johnson filed a renewed motion for judgment on the pleadings in which he reiterates his earlier allegations and states, among other things, that he sued the United States for "deliberate indifference, medical negligence…." [47]   Johnson filed no response to Dr. Chambers' motion [39] based on absolute immunity.

<u>Dismissal Standard</u>

The Prison Litigation Reform Act ("PLRA") allows dismissal of a *pro se* prisoner's *in forma pauperis* lawsuit if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C. § 1915(e).   A complaint is frivolous "if it lacks an arguable basis in law or fact."   *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994).   A cause of action may be dismissed as failing to state a claim "if it appears that no relief could be granted under any set of facts that could be proved consistent with the allegations."   *Baton Rouge Bldg. and Const. Trades Council AFL-CIO v. Jacobs Constructors, Inc.*, 804 F.2d 879, 881 (5th Cir. 1986). To survive a motion to dismiss under Rule 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *In re Great Lakes Dredge & Dock Co. LLC v. Louisiana State*, 624 F.3d 201, 210 (5th Cir. 2010).   A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at. 678. The Court accepts as true "all well-pleaded facts" and construes the complaint in the light most favorable to the plaintiff; it does not accept as true a plaintiff's "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Great Lakes Dredge*, 624 F.3d at 210.

Dr. Chambers' immunity

Johnson alleges Dr. Chambers was deliberately indifferent to his medical needs at FCC Yazoo, in violation of Johnson's Eighth Amendment rights. Dr. Chambers' declaration [39-1] establishes that he is, and was at all times pertinent to this lawsuit, a medical doctor employed by the USPHS and detailed to the Federal Bureau of Prisons as Clinical Director for the Health Services Department at FCC Yazoo. Under 42 U.S.C. § 233(a), recovery for any conduct relating to improper medical care by a USPHS employee is limited to a suit against the United States. *See Hui v. Castaneda,* 559 U.S. 799, 806 (2010). Dr. Chambers is therefore statutorily immune from Johnson's Eighth Amendment *Bivens* claims. "Section 42 U.S.C. § 233(a) of the Public Health Services Act preempts *Bivens* claims, providing that a plaintiff's sole remedy under that section is a claim brought under the FTCA. *See Carlson v. Green,* 446 U.S. 14, 20, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)." *Montoya-Ortiz v. Brown,* 154 F. App'x 437, 439 (5th Cir. 2005); *Schrader v. Sandoval,* 1999 WL 1235234, *2 (5th Cir. Nov. 23, 1999); *Herrera v. Pearson,* 2013 WL 2637723, *6 (S.D. Miss. June 12, 2013); *Rankin v. Pearson,* 2013 WL 1305517, *8 (S.D. Miss. Mar. 26, 2013); *Walker v. Reese,* 2008 WL 4426123 (S.D. Miss. Sept. 25, 2008), aff'd, 364 F. App'x 872 (5th Cir. 2010); *O'Cull v. Bureau of Prisons,* 2009 WL 6637968, *4 (S.D. Miss. Dec. 16, 2009), report and recommendation adopted, 2010 WL 2671978, *4 (S.D. Miss. June 30, 2010). Because Dr. Chambers is immune from Johnson's *Bivens* claims, he is entitled to dismissal with prejudice. This is true even if Chambers' motion

is considered as one for summary judgment due to the attached declaration, since Johnson has presented no evidence to contradict the declaration.

## Summary Judgment Standard

Rule 56, FED.R.CIV.P., requires that summary judgment be granted if the movants show there is no genuine dispute as to any material fact and they are entitled to a judgment as a matter of law. A material fact is one that might affect the outcome of the suit under governing law; a genuine dispute exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). On a motion for summary judgment, the Court views the evidence and draws reasonable inferences most favorable to the non-moving party. *Abarca v. Metropolitan Transit Authority*, 404 F.3d 938, 940 (5th Cir. 2005). The burden of proof at the summary judgment stage rests on the party who has the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). One moving for summary judgment must identify those portions of the pleadings and discovery on file and any affidavits which he believes demonstrate the absence of a genuine issue of material fact. *Id.*, at 325. Once the movants carry this burden, the non-movant must show summary judgment should not be granted. The non-movant cannot meet his burden by resting upon mere allegations or denials, but must set forth specific facts showing there is a genuine issue for trial by either submitting opposing evidentiary documents or referring to evidentiary documents already in the record which show the existence of a genuine issue of material fact. *Celotex*, 477 U.S. at 324-325; *Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986) (non-movant "must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response."). *See also*, *Duffie v. United States,* 600 F.3d 362, 371 (5th Cir. 2010).

Conclusory allegations, unsubstantiated assertions or the presence of a scintilla of evidence will not suffice to create a real controversy regarding material facts.  *Johnson v. Bernstein*, 547 F. App'x 412, 413 (5th Cir. 2013) (citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)); *Hopper v. Frank*, 16 F.3d 92, 97-98 (5th Cir. 1994); *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

Exhaustion of administrative remedies

In motion [40], Dr. Chambers and NP Micou assert Johnson's Eighth Amendment deliberate indifference claims against them must be dismissed because Johnson failed to exhaust administrative remedies before filing suit.  The PLRA requires that a prisoner exhaust all available administrative remedies before filing claims concerning their conditions of confinement, including medical care:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (Supp. 2000).   This statutory exhaustion requirement applies to *Bivens* actions.  *Zebrowski v. U.S. Fed. Bureau of Prisons*, 558 F. App'x 355, 359 (5th Cir. 2014). Exhaustion is required before an inmate brings an action with respect to prison conditions, regardless of the relief offered through administrative procedures.  *Booth v. Churner*, 532 U.S. 731, 739 (2001).   The United States Supreme Court has explained that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes.  See *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Jones v. Bock*, 549 U.S. 199, 204 (2007).   The Fifth Circuit Court of Appeals reiterated these principles in *Gonzales v. Seal*, 702 F.3d 785 (5th Cir. 2012), recognizing that "pre-filing exhaustion of prison grievance processes is mandatory."  *Id.* at 788.   The Fifth Circuit has taken

a strict approach to the exhaustion requirement. *See Wilson v. Epps*, 776 F.3d 296, 299-300 (5th Cir. 2015). Proper exhaustion is required and is not accomplished "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010) ("mere 'substantial compliance' with administrative remedy procedures does not satisfy exhaustion…"). An inmate's grievance must be sufficiently specific to afford "officials a fair opportunity to address the problem that will later form the basis of the lawsuit." *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). "It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion." *Walker v. East Miss. Corr. Facility*, 2013 WL 4833901, *2 (S.D. Miss. Sept. 11, 2013) (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)); *Tompkins v. Holman*, 2013 WL 1305580 (S.D. Miss. Mar. 26, 2013). "The requirement of exhaustion applies regardless of Plaintiff's opinion on the efficacy of the institution's administrative remedy program." *Nealy v. Moore*, 2013 WL 6230107, *3 (S.D. Miss. Nov. 30, 2013) (citing *Alexander v. Tippah Co.*, 351 F.3d 626, 630 (5th Cir. 2003)). Exhaustion "is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time." *Dillon v. Rogers*, 596 F.3d at 272.

The Bureau of Prisons administrative remedy process is set out at 28 C.F.R §§ 542.10 – 542.19, and discussed in the declaration of Lisa Singleton which is attached as exhibit [40-1] to Chambers and Micou's joint motion for summary judgment [40]. First, the inmate submits his issue to staff to attempt informal resolution. *Id.*, §542.13. If the matter cannot be resolved informally, the inmate submits a formal written administrative remedy request (Form BP-9), to which the Warden responds. *Id.*, § 542.14. If the inmate is not satisfied with the Warden's

response, he may submit an appeal to the Regional Director (Form BP-10), and if he is dissatisfied with the Regional Director's response, he may submit an appeal to the General Counsel (Form BP-11). *Id*., § 542.15. The inmate must pursue his claim through all levels to exhaust administrative remedies. The Singleton Declaration and the computerized record of Johnson's ARP filings establish that Johnson filed no remedy requests concerning the allegations he makes in this lawsuit against Chambers and Micou. [40-1 and attached exhibit]

In his pleadings, including his response [45] to Defendants' summary judgment motions, Johnson uses the terms negligence and deliberate indifference as though they were interchangeable. They are not. A constitutional claim under the Eighth Amendment requires deliberate indifference, which cannot be inferred from negligent, or even grossly negligent, acts or omissions of a defendant; mere negligence, neglect, unsuccessful medical treatment or even medical malpractice do not suffice for a constitutional claim. *See*, *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993); *Estelle v. Gamble*, 429 U.S. 97, 105-6 (1976); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979); *Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009) (negligent medical care is insufficient to meet deliberate indifference standard). A prisoner claiming deliberate indifference to serious medical needs must submit evidence that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Davidson*, 91 F. App'x at 965; *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997); *see also Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999). "Deliberate indifference is

particularly difficult to establish when the inmate was provided with ongoing medical treatment." *Lambert* v. *Woodall*, 2015 WL 7313411 at *2 (S.D. Miss. Nov. 19, 2015). Delay in medical care can constitute an Eighth Amendment violation, but only "if there has been deliberate indifference [that] results in substantial harm." *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006). On claims for delayed medical treatment, the applicable standard remains one of deliberate indifference, and the plaintiff is required to demonstrate he suffered substantial harm resulting from the delay. *Mendoza v. Lynaugh*, 989 F.2d 191, 193-195 (5th Cir. 1993). From Johnson's pleadings, it appears his primary complaint is not that he was not being treated at all, but that he was not being treated as he felt he should be. Indeed, his own pleadings state he was seen in the medical department, given a bottom bunk pass, prescribed pain medication, had x-rays done, and seen again to discuss the x-rays. A prisoner's dissatisfaction or disagreement with medical treatment does not establish a constitutional violation. *Sanders v. Westfield*, 2012 WL 930893, *1 (S.D. Miss. March 19, 2012)).

The Constitution does not guarantee prisoners the best medical treatment available. *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978); *Irby v. Cole*, 2006 WL 2827551, at * 7 (S.D. Miss. September 25, 2006). The Constitution guarantees prisoners "only adequate, *not* optimal medical care." *Spriggins v. LaRavia*, 2012 WL 1135845 at *4 (E.D. La., April 4, 2012) (emphasis in original), citing *Gobert v. Caldwell*, 463 F.3d 339, 349 (5th Cir. 2006). With respect to Johnson's *Bivens* claims,

> the determinative issue ... is not whether the medical treatment [he] received was subpar in some respect, whether his medical problems persisted despite treatment, or whether he was dissatisfied with his care; rather, it is only whether his serious medical needs were met with *deliberate indifference*.

*Spriggins*, 2012 WL 1135845 at * 5. Deliberate indifference is an extremely high standard to meet. In any event, the undersigned finds the merits of Johnson's deliberate indifference claims

against Dr. Chambers and NP Micou are not properly before the Court because Johnson failed to exhaust administrative remedies before filing suit, which entitles Dr. Chambers and NP Micou to summary judgment on Johnson's deliberate indifference claims.

FTCA medical negligence

The Federal Tort Claims Act is a limited waiver of the sovereign immunity of the United States, which "authorizes civil actions for damages against the United States for personal injury or death caused by the negligence of a government employee under circumstances in which a private person would be liable under the law of the state in which the negligent act or omission occurred." *Quijano v. United States*, 325 F.3d 564, 567 (5th Cir. 2003); 28 U.S.C. §§ 1346(b)(1); *United States v. Orleans*, 425 U.S. 807, 813 (1976). The FTCA establishes a procedure for a remedy; it creates no substantive causes of action against the United States. *Certain Underwriters of Lloyd's v. United States*, 511 F.2d 159 (5th Cir. 1975). "State law is 'the source of substantive liability under the FTCA.'" *King v. United States*, 901 F.Supp.2d 781, 788 (S.D. Miss. 2012) (quoting *FDIC v. Meyer,* 510 U.S. 471, 478, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994)).

Johnson alleges medical personnel negligently treated his shoulder while he was incarcerated at FCC Yazoo by failing to order an MRI or provide him an orthopedic specialist. Pursuant to the above authority, Mississippi law applies to this claim.

> Under Mississippi law, a *prima facie* case of medical malpractice requires proof of the following elements: "(1) the existence of a duty by the defendant to conform to a specific standard of conduct for the protection of others against an unreasonable risk of injury; (2) a failure to conform to the required standard; and (3) an injury to the plaintiff proximately caused by the breach of such duty by the defendant." *Hubbard v. Wansley,* 954 So.2d 951, 956–57 (Miss.2007). The plaintiff bears the burden of establishing these elements at the summary judgment stage through supporting evidence. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
>
> Expert testimony must be used to establish these elements in a medical malpractice claim. *Hubbard,* 954 So.2d at 957 (citing *Barner v. Gorman,* 605 So.2d 805, 809 (Miss.1992)). "Not only must this expert identify and articulate the requisite standard that

>    was not complied with, the expert must also establish that the failure was the proximate cause, or proximate contributing cause, of the alleged injuries." *Id.* (quoting *Barner,* 605 So.2d at 809); *see also McDonald v. Mem'l Hosp. at Gulfport,* 8 So.3d 175, 180 (Miss.2009); *Cheeks v. Bio–Med. Applications, Inc.,* 908 So.2d 117, 120 (Miss.2005).[4] If the plaintiff fails to present sufficient evidence as to these elements, there is no genuine issue of material fact, and therefore summary judgment is appropriate. *Celotex Corp.,* 477 U.S. at 322–23, 106 S.Ct. 2548. "The success of a plaintiff in establishing a case of medical malpractice rests heavily on the shoulders of the plaintiff's selected medical expert." *Estate of Northrop v. Hutto,* 9 So.3d 381, 384 (Miss.2009).

*Estate of Sanders v. United States*, 736 F.3d 430, 435–36 (5th Cir. 2013).   To establish the essential elements of his action Johnson "bears the burden of producing evidence sufficient to establish the existence of the conventional tort elements of duty, breach of duty, proximate causation, and injury;" therefore on summary judgment proceedings he has the burden to "rebut the defendant's claim (*i.e.,* that no genuine issue of material fact exists) by producing supportive evidence of *significant* and *probative* value."   *Palmer v. Biloxi Regional Medical Center, Inc.,* 564 So.2d 1346, 1355 (Miss. 1990).   Because Johnson has presented no such evidence, and has identified no expert to establish the essential elements of his claim against the United States, the undersigned finds summary judgment appropriate on the FTCA claim against the United States. In light of these findings, the undersigned finds Johnson's motions for judgment on the pleadings should be denied.

## **RECOMMENDATION**

Based upon the evidence presented and applicable law, the undersigned recommends that Johnson's claims against Dr. Chambers be dismissed with prejudice on immunity grounds, or without prejudice for Johnson's failure to exhaust administrative remedies; that his claims against Nurse Micou be dismissed for failure to exhaust; that his FTCA claim against the United States be dismissed for lack of evidence of the essential elements of medical negligence; that Johnson's motions for judgment on the pleadings be denied; and that this case be dismissed.

## **NOTICE OF RIGHT TO APPEAL/OBJECT**

Within 14 days after being served a copy of this Report and Recommendation (R&R), a party may file with the Clerk of Court and serve on the other party/parties written objections to the R&R, specifically identifying the findings, conclusions and recommendations to which he objects. *L.U.Civ.R.* 72(a)(3). The District Court need not consider frivolous, conclusive, or general objections. Within seven days after service of objections, the opposing party/parties must either serve and file a response or notify the district judge they do not intend to respond to the objections. Absent timely objections, one may not attack on appeal any proposed factual finding or legal conclusion accepted by the District Court, except on plain error grounds. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this the 29th day of June 2020.

/s/ *Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE